**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KEVIN C. MIRANDA, | |
| Plaintiff, | Civil No. 08-2013 (JBS) |
| v. | |
| POLICE DEP'T OF ATLANTIC CITY, et al., | **O P I N I O N** |
| Defendants. | |

**APPEARANCES:**

Kevin C. Miranda, Pro Se
#115171
Middlesex County Adult Correctional Center
P.O. Box 266
New Brunswick, NJ 08903

**SIMANDLE, District Judge**

　　Plaintiff, Kevin C. Miranda, currently incarcerated at the Middlesex County Adult Correctional Center, New Brunswick, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

　　At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's complaint will be dismissed, without prejudice, as time-barred.

## BACKGROUND

Plaintiff states that on February 25, 2006, he was arrested and assaulted by various Atlantic City police officers. He states that he was handcuffed when he was kicked and punched until he passed out. He suffered injuries to his back, ears, eyes, teeth, knees, shoulders, arms, head, and other parts of his body, and was bleeding and hurting, but was denied medical attention. He also suffers psychological effects from the assault.

Plaintiff asks for monetary relief.

## DISCUSSION

**A.    Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d

902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted).

**B.      42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.      Plaintiff's Claims Will Be Dismissed.**

The incident at issue occurred on February 25, 2006. Plaintiff's complaint is signed March 19, 2008.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been

4

brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpubl.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirement of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) that federal courts review and dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato,

5

– U.S.–, 127 S. Ct. 1091, 1094 (2007). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (App. Div.) (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and

6

only in the rare situation where it is demanded by sound legal principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. at n.9.

Here, according to the allegations of his Complaint, Plaintiff's claims against all defendants accrued[1] on February 25, 2006, the date of the alleged assault.  His Complaint is dated March 18, 2008, more than two years later.[2]  Plaintiff

---

[1] A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action."  Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994) (quoting Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)).  "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

[2] Although Plaintiff's complaint was received by the Clerk of the Court on April 22, 2008, the complaint was signed and dated by Plaintiff on March 19, 2008.  Therefore, the March date is the date utilized in assessing whether or not Plaintiff has

alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, Plaintiff's claims appear to be time-barred and will be dismissed, without prejudice.  Plaintiff may move to reopen the case within 45 days of the date of entry of the Order accompanying this Opinion, to allege facts indicating that his claims should be tolled, if he so chooses.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's Complaint will be dismissed, without prejudice.  The Court will file an appropriate Order.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
 United States District Judge

Dated:    **May 29, 2008**

---

met the statute of limitations.  See Houston v. Lack, 487 U.S. 266 (1988) (providing that the date a prisoner delivers his legal filing to prison authorities for mailing is considered to be the date of the court filing); see also Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998).  In this case, however, using either date, the Complaint remains untimely.